UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTORIA GAUTHIER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:20-cv-03668 |
| MIDLAND CREDIT MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES,** VICTORIA GAUTHIER, by and through her undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et. seq.,* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's TDCA claim pursuant to 28 U.S.C. § 1334.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

1

## PARTIES

5. VICTORIA GAUTHIER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. MIDLAND CREDIT MANAGEMENT, INC., ("MCM" or "Defendant") is a corporation organized and existing under the laws of Kansas.

8. MCM maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California, 92108.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3613.

11. At all times relevant, Plaintiff's number ending in 3613 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13. In the beginning of 2020, Plaintiff began receiving collection calls from MCM to her cellular phone number ending 3613.

14. Upon answering MCM's collection calls, MCM advised Plaintiff that it was attempting to collect a delinquent payday loan allegedly owed by Plaintiff in the approximate amount of $1,800 ("subject debt").

15. This subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

16. At the time the collection calls began, Plaintiff was experiencing a financial hardship and was not in a position to pay any debts.

17. In the phone calls that Plaintiff answered, Plaintiff advised MCM of her financial hardship and requested that MCM cease its collection calls.

18. In the phone calls that Plaintiff answered, Plaintiff was met by an approximate three-second pause and was required to say "hello" numerous times prior to being connected to a live representative.

19. Despite Plaintiff's requests that the calls cease, MCM continued placing collection calls to Plaintiff's cellular phone.

20. In May or June 2020, Plaintiff answered another call from MCM.

21. During this call, Plaintiff advised MCM that the subject debt was a product of identity theft, that she did not owe the subject debt, and again requested that MCM cease its collection calls.

22. In response, MCM's representative advised Plaintiff that if a payment was not made or a payment plan was not set up, MCM would bring legal action against Plaintiff to collect the subject debt.

23. Frightened by the threat of a lawsuit, Plaintiff pleaded with MCM's representative not to sue her as she recently lost her job due to COVID-19 and was a single mother who simply could not afford to make any payments on the subject debt.

24. In response, MCM's representative advised Plaintiff that she is likely receiving unemployment benefits and that she should have available funds to make payment on the subject debt.

25. Plaintiff informed MCM's representative that her unemployment benefits are for necessities and that she does not have enough funds to pay the subject debt.

26. In response, MCM's representative reiterated that a lack of payment will result in legal action against Plaintiff.

27. Fearing legal action, Plaintiff agreed to make monthly payments of $100.00.

28. Shortly after agreeing to the payment plan, MCM withdrew $100 from Plaintiff's bank account.

29. Plaintiff felt harassed and intimidated by MCM's collection calls and threats to bring legal action against her.

30. In total, MCM placed over a dozen of collection calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

31. MCM's unlawful collection activities have caused Plaintiff actual harm, including but not limited to, monetary loss, emotional distress, mental anguish, anxiety, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, and aggravation that accompanies unsolicited telephone calls.

32. Concerned with MCM's unlawful collection activity, Plaintiff retained counsel to compel MCM to cease its unlawful conduct.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

34. Section 1692d of the FDCPA provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35. MCM violated 15 U.S.C. § 1692d(5) by repeatedly calling Plaintiff after Plaintiff requested that the collection calls cease.

36. MCM's conduct of systematically calling Plaintiff in an attempt to collect a disputed debt was harassing and abusive.

37. MCM's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

**Violation of 15 U.S.C. § 1692e**

38. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

39. MCM violated 15 U.S.C. § 1692e(5) by threatening to take legal action that it did not intend on taking.

40. Upon information and belief, MCM had no intention to initiate legal proceedings against Plaintiff and used the threat of litigation to coerce payment on the subject debt.

41. Upon information and belief, MCM had not consulted with an attorney at the time it made the threat to take legal action against Plaintiff and thus did not know whether legal action can even be taken.

42. As set forth above, Plaintiff was significantly harmed by MCM's unlawful conduct.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5) and e(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of Plaintiff's attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. The TCPA prohibits calling persons on their cellular phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

45. The TCPA defines ATDS as equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. 47 U.S.C. §227(a)(1).

46. Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered, MCM used a predictive dialing system to place calls to Plaintiff's cellular phone.

47. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

48. MCM violated the TCPA by placing no less than a dozen of harassing collection calls to Plaintiff's cellular phone, using an ATDS, without her consent.

49. As pled above, Plaintiff was severely harmed by MCM's collection calls to Plaintiff's cellular telephone.

50. Upon information and belief, MCM has no policies and procedures in place to honor consumers' requests that collection calls cease.

51. Upon information and belief, MCM knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:

**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392)**

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

54. MCM is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

55. The debt that MCM was attempting to collect from Plaintiff is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

56. Section 392.302(4) of the TDCA prohibits debt collectors from oppressing, harassing, or abusing a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number

57. MCM violated § 392.302(4) of the TDCA by placing no less than a dozen collection calls to Plaintiff after Plaintiff demanded that the calls cease.

58. MCM's repeated collection calls were made with the intent to harass Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that MCM's conduct violates the TDCA;

b. an order enjoining MCM from placing further calls to Plaintiff's cellular phone;

c. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2); and

d. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b).

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 26, 2020                                      Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.
Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com