United States District Court
Southern District of Texas
**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| VICTORIA GAUTHIER, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-CV-3668 |
| § | |
| MIDLAND CREDIT MANAGEMENT, INC., § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant Midland Credit Management, Inc.'s (MCM) Motion to Dismiss Pursuant to Federal Rule 41(b).[1] ECF 23.

Plaintiff, through counsel, filed this case on October 26, 2020 alleging violations of the Fair Debt Collections Practices Act (15 U.S.C. § 1692, et seq.), the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), and the Texas Debt Collection Act (TEX. FIN. CODE § 392 et seq.). Plaintiff's counsel appeared at an initial scheduling conference before District Judge Vanessa Gilmore on February 5, 2021 at which the parties discussed Defendant's representation that it did not have an account for Plaintiff and Plaintiff filed suit against the wrong party. ECF 20 (Plaintiff's status report). Thereafter, despite their best efforts, Plaintiff's counsel was unable to contact Plaintiff by email or phone. *Id.* Counsel's March 19, 2021 correspondence sent by certified mail was returned as undeliverable, but correspondence sent by certified mail to an address in Houston was delivered on March 25, 2021. *Id.* Plaintiff never responded to counsel's correspondence, emails, or phone calls and on June 4, 2021 counsel moved to withdraw as counsel for Plaintiff. ECF 21. The Court granted the motion to withdraw on July 2, 2021. ECF 22.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 24.

Defendant filed the instant motion for dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) on July 28, 2021.  ECF 23.  Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case with prejudice for failure to prosecute or failure to comply with federal rules or court orders.  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Dismissal with prejudice is a severe sanction but dismissal is appropriate when the delay is due to intentional conduct by the plaintiff.  *Id.*; *see also Price v. McGlathery*, 792 F.2d 472, 474 (holding the district court did not abuse its discretion by dismissing claim).

Because the Defendant served its Motion to Dismiss only through electronic filing on the Court's CM/ECF system, the Court issued an Order for Service directing Defendant to serve a copy of the Motion to Dismiss and the Order for Service by certified mail to Plaintiff's last known address.  ECF 25.   The Order for Service informed Plaintiff that failure to respond would result in a recommendation to the District Judge that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *Id.*  Defendant filed a notice of compliance with the Order for Service on September 8, 2021.  ECF 26.  Plaintiff has not responded to the motion to dismiss or made any contact with the Court.  The Court therefore RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 19, 2021, at Houston, Texas.

                                                   Christina A. Bryan
                                         United States Magistrate Judge